IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHIYAN JIANG, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1:17-CV-739-RP |
| § | | |
| TEXAS COMMISSION ON § | | |
| ENVIRONMENTAL QUALITY and § | | |
| KIM WILSON, *individually and in her* § | | |
| *capacity as Director of Water Availability*, § | | |
| § | | |
| Defendants. § | | |

**ORDER**

On September 17, 2018, the Court held a final pretrial conference, (Dkt. 38), at which it heard argument concerning Defendants' Motions in Limine, (Dkt. 24-1, at 61–66). The Court ruled on most of the motions on the record during the conference but reserved decision on the motions in limine numbered 7, 8, and 20. Each of those motions concerns evidence pertaining to other TCEQ employees.

Having considered the parties' arguments at conference, the facts, and the relevant law, the Court will grant those motions as to some employees but will deny them with respect to others. An employee may use "pattern or practice" evidence to prove pretext in an individual discrimination case. *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000). Anecdotal evidence is probative of a pattern or practice only if the employees are similarly situated to the plaintiff. *Id.* Similarity can turn on whether the other employees worked (a) under different supervisors or (b) in different departments than the plaintiff, (c) or whose adverse actions were removed in time. *Id.*; *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (holding that evidence of discrimination by other supervisors not *per se* inadmissible in an individual employment

discrimination case; its relevance "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case").

Plaintiff seeks to introduce evidence concerning several other TCEQ employees: Kathy Buckley, Grant Gibson, Fayyaz Mughal, George Gable, Marcia Workman, and Charlie Moehlenbrock. (*See* Pl.'s Am. Ex. List, Dkt. 30; Pl.'s Am. Wit. List, Dkt. 31). Moehlenbrock and Workman are not similarly situated because neither was subject to an adverse employment action. Plaintiff argues that each was subject to increased scrutiny after complaining about discriminatory treatment. For purposes of a Title VII and 42 U.S.C. § 1981 discrimination claim, "an employment action that does not affect job duties, compensation, or benefits is not an adverse employment action." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (citation and quotation marks omitted). For purposes of a Title VII retaliation claim, the allegedly retaliatory action must produce "an injury or harm" sufficient to "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and quotation marks omitted). Increased scrutiny of an employee's work, without more, is not an adverse action for purposes of any of Plaintiff's claims. Evidence pertaining to Moehlenbrock and Workman is therefore not probative of Plaintiff's claims.

Evidence pertaining to Buckley, Gibson, Mughal, and Gable, however, is probative and relevant to Plaintiff's retaliation claims under Title VII and 42 U.S.C. § 1981 because each is similarly situated for purposes of those claims. Each worked in Jiang's division; each filed a complaint of discrimination between 2015 and 2017; and each was subsequently placed on either disciplinary probation or on a performance improvement plan, both of which might result in termination, by one or more of the supervisors who placed Plaintiff on probation and later fired him. These four employees are sufficiently similarly situated that anecdotal testimony concerning their treatment can

establish that discrimination was TCEQ's "standard operating procedure." *Wyvill*, 212 F.3d at 302. Such evidence is therefore relevant and probative to Plaintiff's retaliation claim.

However, no other employee is similarly situated for purposes of Plaintiff's race- and national-origin discrimination claims under Title VII or Section 1981. Moehlenbrock and Workman did not receive adverse employment actions. Gibson, Gable, and Buckley did not complain of race-based discrimination. Mughal complained of race-based discrimination, but Plaintiff has not produced sufficient evidence that he and Mughal are sufficiently similar with respect to their race or national origin that Defendants' treatment of Mughal would be probative of their motivations regarding Plaintiff.

For these reasons, **IT IS ORDERED** that Defendants' Motions in Limine numbered 7, 8, and 20, are **DENIED** with respect to evidence pertaining to Kathy Buckley, Grant Gibson, Fayyaz Mughal, and George Gable for purposes of Plaintiff's retaliation claims. Those same motions are **GRANTED** in all other respects.

Defendants may amend their witness and exhibit lists to add witnesses or evidence pertaining to Buckley, Gibson, Mughal, and Gable. The Court will instruct the jury to use evidence pertaining to those employees solely for the purpose of deciding Plaintiff's retaliation claims.

All other objections raised in the final pretrial conference but not ruled on during the conference or in this order are reserved for decision at trial.

**SIGNED** on September 19, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE