IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHIYAN JIANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-739-RP |
| | § | |
| TEXAS COMMISSION ON | § | |
| ENVIRONMENTAL QUALITY and | § | |
| KIM WILSON, *individually and in her* | § | |
| *capacity as Director of Water Availability*, | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

Before the Court is Defendants' Emergency Motion for Continuance of Trial Setting And/Or Reconsideration of the Court's Ruling on Defendants' Motion in Limine. (Dkt. 41). In their motion, Defendants ask the Court to either reconsider its decision to permit testimony from four TCEQ employees—Kathy Buckley, Grant Gibson, Fayyaz Mughal, and George Gable—or to continue the trial set for September 24, 2018. (*Id.*). Also before the Court is Defendants' Supplement to Motion for Continuance, (Dkt. 42), in which Defendants ask that if the Court declines to exclude testimony from all four employees, it should at least exclude testimony from Buckley and Gable. The Court will deny the first motion and grant in part the latter.[1]

In their principal motion, Defendants make a pair of arguments in favor of reconsideration. The first is that "pattern or practice" evidence is inappropriate in an individual discrimination case. (Mot. Reconsider, Dkt. 41, at 4 (citing the framework laid out in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977)). But Plaintiff has not pleaded or prosecuted his case using the *Teamsters* framework; he has used the *McDonnell Douglas* framework. And it is clear from the cases cited by

---

[1] "A district court may reconsider and reverse a previous interlocutory order at its discretion." *Holoway v. Triola*, 172 F.3d 866, 866 (5th Cir. 1999) (citing Fed. R. Civ. P. 54(b) ("[An order of the district court] is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.")).

Defendant that pattern-or-practice evidence can be relevant to the pretext inquiry of the *McDonnell Douglas* framework provided that the other employees are similarly situated to the plaintiff. *See, e.g., Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000) (discussing the admissibility of pattern-or-practice evidence in a *McDonnell Douglas* discrimination case).

Defendants' second argument for reconsideration is that Plaintiff did not plead or exhaust a "pattern or practice" claim. (Mot. Reconsider, Dkt. 41, at 3, 5–6). But Plaintiff need not exhaust a *Teamsters* claim because he has not pleaded or prosecuted a *Teamsters* claim; he brought a claim for individual discrimination. Because an employer's motivations are at issue in an individual retaliation claim, and because an employer's treatment of similarly situated individuals is relevant evidence of the employer's motivations, an investigation into TCEQ's treatment of similarly situated complainants could "reasonably be expected to grow out of the charge of discrimination," *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006), that Plaintiff filed with the EEOC. (*See* EEOC Charge Excerpt, Dkt. 41-1). Defendants have not met their burden to show that Plaintiffs failed to administratively exhaust their individual discrimination claim.[2]

In their supplemental motion, Defendants offer new evidence to show that Buckley and Gable are not similarly situated to Plaintiff. (Supp. Mot. Cont., Dkt. 42). Defendants offer a declaration from by Lori Hamilton in which Hamilton states that she never told Buckley about the draft performance improvement plan. (Hamilton Decl., Dkt. 42-1, ¶ 4). She states that Buckley requested a transfer during an informal performance meeting. (*Id.*). As for Gable, Defendants offer evidence that he was not placed on disciplinary probation or a performance improvement plan. Instead, he was provided informal counseling. (Gable Employee Conference Record, Dkt.42-2). This evidence differs materially from Plaintiffs' representations in the final pretrial conference, and the Court credits this evidence over those representations.

---

[2] Title VII's exhaustion requirement is not jurisdictional; it is an affirmative defense that must be pleaded and proved by the defendant. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306–07 (5th Cir. 2018).

The question for retaliation claims is whether the allegedly retaliatory action produced "an injury or harm" sufficient to "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and quotation marks omitted). Such an action need not be an "ultimate employment decision," *id.* at 60, but it must be more than the "petty slights or minor annoyances that often take place at work and that all employees experience," *id.* at 68. Informal chastisement, without more, "does not rise to the level of material adversity" required to constitute "actionable retaliatory conduct." *Credeur v. Louisiana Through Office of Attorney Gen.*, 860 F.3d 785, 798 (5th Cir. 2017) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (cleaned up). In responding to Defendants' motions in limine, Plaintiff had the opportunity to present evidence of adverse employment actions against Buckley and Gable. He produced no evidence and relied instead on representations now contradicted by credible evidence. In light of that evidence, the Court finds that Buckley and Gable are not similarly situated to Plaintiff because neither suffered an adverse employment action sufficient to dissuade a reasonable person from making a discrimination complaint. Defendants' motion for reconsideration will be granted in part with respect to Buckley and Gable.

This order leaves undisturbed the Court's decision regarding Gibson and Mughal. Defendants argue that they need a continuance to conduct more discovery and prepare a broader defense in light of the expected testimony from Gibson and Mughal. The Court does not agree. Defendants sought a protective order on March 12, 2018, to limit the scope of a deposition so that Plaintiff could not ask about discrimination complaints made by other employees in the Office of Water. (Mot. Protective Order, Dkt. 11, at 5). The Court denied that motion on March 15, 2018, on the basis that such complaints might be probative. (Order, Dkt. 14). Mughal and Gibson have been the subject of discovery conducted months ago. (*See* Defs.' Mot. Summ. J. Appendix, Dkt. 1-1; Pl.'s Resp. Mot. Summ. J. Appendix, Dkt. 19-1). Plaintiff argued in his June 22, 2018, response to

Defendants' motion for summary judgment that Defendants' actions following Gibson and Mughal's complaints were relevant to the issue of pretext in this case. (Pl.'s Resp. Mot. Summ. J., Dkt. 19, at 9, 23). The Court's August 23, 2018, order denying defendants' motion for summary judgment agreed that the actions taken against Gibson and Mughal were relevant to Plaintiff's retaliation claim. (Order, Dkt. 22, at 12). It should not be a surprise to Defendants that Plaintiff would seek to call these witnesses at trial for the purpose of testifying about Defendants' responses to their complaints. Defendants cannot credibly argue that they have only been aware of Plaintiff's intent to offer this evidence for a "short time." (Mot. Reconsider, Dkt. 41, at 8). Their motion for continuance is denied.

Accordingly, **IT IS ORDERED** that Defendants' Emergency Motion for Continuance of Trial Setting And/Or Reconsideration of the Court's Ruling on Defendants' Motion in Limine, (Dkt. 41), is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' Supplement to Motion for Continuance, (Dkt. 42), is **GRANTED IN PART AND DENIED IN PART**. That motion is granted insofar as Defendants' Motions in Limine numbered 7, 8, and 20, are **GRANTED** with respect to evidence pertaining to Kathy Buckley and George Gable. Defendants' Supplement to Motion for Continuance, (Dkt. 42), is **DENIED** in all other respects.

**IT IS FINALLY ORDERED** that the Court's order dated September 19, 2018, is **VACATED** to the extent it is inconsistent with this order.

**SIGNED** on September 20, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE